UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON S. AKANDE,
    Plaintiff,

V.

UNITED STATES MARSHAL
SERVICE [DIRECTOR], et al.,
    Defendants.

PRISONER
Case No. 3:11cv1125(RNC)

## INITIAL REVIEW ORDER

Plaintiff brings this action pro se under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the Director of the U.S. Marshals Service, Assistant United States Attorney Geoffrey M. Stone, Special Agent Grace Ann Wisneiwski of U.S. Immigration and Customs Enforcement ("I.C.E.") and the Warden of the Wyatt Detention Center ("Wyatt"). The complaint alleges that the plaintiff was incarcerated at Wyatt for a longer period than permitted by his sentence in violation of his constitutional rights. The complaint seeks $5,000 in damages for each day the plaintiff was incarcerated beyond the date permitted by his sentence.

Under 28 U.S.C. § 1915A, the Court is required to review a prisoner's complaint against government officials and dismiss any part of the complaint that fails to state a claim on which relief may be granted. A complaint is sufficient to state a claim on which relief may be granted if the factual allegations show that the plaintiff has a plausible claim. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The claim presented here does not satisfy the plausibility standard.

Plaintiff, a native and citizen of Nigeria, was prosecuted in this Court on charges of conspiracy to commit passport fraud in violation of 18 U.S.C. § 371, passport fraud in violation of 18 U.S.C. § 1542, and making false statements to immigration authorities in violation of 18 U.S.C. § 1001. See United States v. Akande, Case No. 3:05-cr-136(RNC). When the indictment was returned, the plaintiff was in state custody awaiting trial on charges of forgery and larceny relating to an insurance fraud scheme. See State v. Akande, Case No. H14H-CR05-0588244-S. A federal detainer was lodged against him. On November 18, 2005, he was found guilty in state court. On May 22, 2006, he was sentenced in state court to five years' imprisonment suspended after time served, followed by three years' probation. See www.jud2.ct.gov/crdockets (last visited August 17, 2012). He was then transferred to the custody of the U.S. Marshals Service and detained at Wyatt pending a trial on the federal charges. On October 22, 2009, he was found guilty of the federal charges after a jury trial in which he appeared pro se. On January 15, 2010, he was sentenced to imprisonment for forty-one months

followed by supervised release for three years.  As of the sentencing date, he had been at Wyatt for approximately forty-three months.  On January 20, 2010, the Clerk entered judgment in the criminal case.  On February 18, 2010, the plaintiff was transferred to the custody of I.C.E. pending deportation.  He remains in I.C.E. custody.

To state a cognizable claim for prolonged incarceration in violation of the Constitution, it is necessary to allege both deliberate indifference on the part of the defendant and a sufficiently serious harm to constitute a violation of the Eighth Amendment.  See Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993)(applying Eighth Amendment deliberate indifference standard to prolonged incarceration claim).  The complaint does not allege facts showing that any of the individual defendants acted with deliberate indifference.  Moreover, the plaintiff has not alleged a harm of sufficient magnitude to implicate the Eighth Amendment.  Even assuming the plaintiff should have been released to I.C.E. custody immediately after the judgment entered on January 20, 2010, the delay of less than thirty days in transferring him to I.C.E. custody is insufficient to support a cognizable claim.  See Zandstra v. Cross, No. 10 Civ. 5143(DLC), 2012 WL 383854, at *4 (S.D.N.Y. Feb. 6, 2012)(inmate held twenty-one days in federal facility rather than being transferred to state custody

failed to state a cognizable claim for prolonged imprisonment).

Accordingly, the plaintiff's claim for prolonged incarceration is hereby dismissed pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.  The Clerk will enter judgment in favor of the defendants and close the case.

So ordered this 17th day of August 2012.

_____/s/_____
Robert N. Chatigny
United States District Judge
