UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON AKANDE,                          :

    Plaintiff,                        :

V.                                     :   Case No. 3:11-CV-1125 (RNC)

UNITED STATES MARSHALL                 :
SERVICE [DIRECTOR], et al.,            :

    Defendants.                       :

RULING AND ORDER

Plaintiff Jason Akande, detained in I.C.E. custody awaiting
deportation, has filed two motions pro se [ECF Nos. 8 & 9]
seeking reconsideration of the initial review order entered in
this Bivens action on August 22, 2012 [ECF No. 5].  That order
dismissed plaintiff's Eighth Amendment prolonged incarceration
claim for failure to state a claim on which relief may be
granted.  See 28 U.S.C. § 1915A.  The order explained that the
complaint was deficient because it did not allege facts showing
either (1) sufficiently serious harm to support an Eighth
Amendment claim, or (2) deliberate indifference on the part of
any of the named defendants.  Ordinarily, a pro se litigant
should be given an opportunity to file an amended complaint to
overcome pleading deficiencies identified in an initial review
order.  In this instance, however, the action was dismissed
because it was apparent that giving plaintiff an opportunity to
replead would be futile.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has not pointed to any controlling decision or data that the Court overlooked.  But his motions constitute his first chance to present his views as to why the initial review order is incorrect, he offers new evidence in the form of an entry from the file of a state prosecutor, and he asserts that reconsideration is necessary to correct "clear error."  The Court concludes that reconsideration should be granted in this instance to avoid any appearance that the pro se plaintiff's arguments in response to the sua sponte dismissal have received less than due consideration.  For reasons discussed below, however, the Court adheres to its previous decision that the complaint is legally insufficient and that no useful purpose would be served by giving plaintiff an opportunity to replead.

Plaintiff contends that the Court erred in calculating the amount of time he had spent in federal custody at Wyatt Detention Center in connection with his federal criminal case before he was transferred to I.C.E. custody.  The Court determined that plaintiff did not commence federal custody at Wyatt until May 22, 2006, the day he was sentenced in state court to time-served.

The plaintiff disagrees with the Court's determination, stating that his period of federal custody began either when the federal indictment against him was returned on May 24, 2005, or when he was brought before this Court for his initial appearance eight days later.  He cites an entry in the file of the prosecutor who handled his state criminal case, which states: "6/6/05 Akande in federal custody.  Contd. 6/29/05."

Regardless of whether plaintiff's federal custody commenced on May 22, 2006, or earlier as he contends, what matters for purposes of his prolonged incarceration claim is the amount of time that elapsed between the entry of final judgment in the federal criminal case on January 20, 2010, and his transfer to I.C.E. custody on February 18, 2010, a period of twenty-nine days.  Moreover, plaintiff's view of the amount of time he spent in federal custody at Wyatt before his transfer to I.C.E. custody is incorrect.  Federal custody does not begin when a defendant in state custody is produced for federal prosecution pursuant to a writ of habeas corpus.  See United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).  Instead, state authorities retain primary jurisdiction over the prisoner until he satisfies his obligation to the state and is relinquished to federal custody.  See id. The Court, therefore, did not err in finding that the plaintiff was in federal custody for approximately forty-three months

beginning May 22, 2006.[1]

Plaintiff contends that the Court erred in holding that the time he spent at Wyatt following entry of the final judgment in his federal criminal case is insufficient to support a cognizable Eighth Amendment claim.  To recover on a claim of prolonged incarceration, however, "an inmate must first show that his injury is objectively a sufficiently serious one."  Brims v. Burdi, 03 CIV. 3159 (WHP), 2004 WL 1403281, at *2 (S.D.N.Y. June 23, 2004) (citations omitted).  A cognizable claim does not exist unless the complaint alleges prolonged incarceration for a significant period of time.  See, e.g., Sample v. Diecks, 885 F.2d 1099, 1108-10 (3d Cir. 1989) (finding Eighth Amendment violation where inmate served an additional nine months and eight days due to officials' miscalculation); Haywood v. Younger, 769 F.2d 1350, 1355-57 (9th Cir. 1985) (plaintiff properly stated an Eighth Amendment claim where his imprisonment continued for an

---

[1]  In a federal habeas petition challenging his state convictions, the plaintiff stated that his state sentence of time-served amounted to a sentence of fifteen months and six days.  See Akande v. Connecticut, No.3:06cv1244(CFD)[ECF No. 1 at 2].  This is the period of time that elapsed between the plaintiff's arrest on the state charges on February 16, 2005 and his sentencing in state court to time-served on May 22, 2006. The Court's finding that federal custody began on May 22, 2006, and not before, is thus consistent with the plaintiff's own understanding of the amount of time he spent in state custody pursuant to his state sentence.

additional five years beyond his sentence).  "Unauthorized
confinement for thirty-one days does not raise a harm of a
constitutional magnitude."  Herron v. Lew Sterrett Justice Ctr.,
3:07-CV-0357-N, 2007 WL 2241688, at *4 (N.D. Tex. Aug. 6, 2007).
It is beyond dispute that the period at issue here was at most
twenty-nine days, which is insufficient.

In this instance, moreover, the result of the prolonged
incarceration was a delay in plaintiff's transfer from
confinement at Wyatt to substantially similar confinement at an
I.C.E. detention facility.  In Zandstra v. Cross, No. 10 Civ.
5143 (DLC), 2012 WL 383854 (S.D.N.Y. Feb. 6, 2012), the court
dismissed the plaintiff's claim that he was held for twenty-one
days beyond the completion of his sentence, reasoning that
wrongful detention in a federal facility rather than state
custody "is not a harm of sufficient magnitude to implicate the
Eighth Amendment."  Id. at *4 (citations omitted).  Plaintiff
emphasizes that he was "discharged" to "civil detention," whereas
the plaintiff in Zandstra was "transferred" to "state custody" to
serve a "criminal prison sentence."  The relevant inquiry,
however, is not the classification of the confinement - that is,
civil detention versus criminal custody - but the conditions of
confinement.  See id. (noting that prolonged incarceration is "a
claim based upon a prisoner's conditions of confinement").
Plaintiff does not allege that the conditions of his confinement

5

improved significantly after he left Wyatt and entered I.C.E.

custody.

Plaintiff's submissions do not address the other deficiency

identified in the initial review order - his failure to allege

facts supporting a plausible claim that any of the named

defendants was deliberately indifferent to his prolonged

incarceration.  The legal standard governing a deliberate

indifference claim in this context is as follows:

> [A] plaintiff must first demonstrate that a prison
> official had knowledge of the prisoner's problem and
> thus of the risk that unwarranted punishment was being,
> or would be, inflicted. Second, the plaintiff must show
> that the official either failed to act or took only
> ineffectual action under circumstances indicating that
> his or her response to the problem was a product of
> deliberate indifference to the prisoner's plight.
> Finally, the plaintiff must demonstrate a causal
> connection between the official's response to the
> problem and the infliction of the unjustified
> detention.

Sample, 885 F.2d at 1110.  See Calhoun v. New York State Div. of

Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993)(citing Sample

for the correct legal standard governing Eighth Amendment claim

arising from imprisonment of plaintiff past his release date);

Brims, 2004 WL 1403281, at *2 (noting that the plaintiff had

"pleaded deliberate indifference by alleging that defendants

knew, but ignored, the fact that his maximum release date was

imminent").  In the absence of allegations showing deliberate

indifference on the part of the named defendants, the complaint

fails to allege a cognizable claim.

6

Accordingly, the plaintiff's motions for reconsideration [ECF Nos. 8 & 9] are hereby granted, but the Court adheres to its previous decision that the complaint fails to state a claim on which relief can be granted and that giving plaintiff an opportunity to replead would be futile.

So ordered this 5th day of December 2012.


_____/s/ RNC_____
Robert N. Chatigny
United States District Judge