UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON S. AKANDE,                      :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :     Case No. 3:11cv1125(RNC) OP
                                      :
UNITED STATES MARSHAL                 :
SERVICE [DIRECTOR], et al.,           :
                                      :
     Defendants.                      :

RULING AND ORDER

Plaintiff Jason Akande, a Nigerian national in the custody of the Department of Homeland Security Immigration and Customs Enforcement ("ICE") at the time this action was filed, seeks damages for what he characterizes as "federal prison incarceration overtime."  The case arises from the plaintiff's detention at the Donald W. Wyatt Detention Center ("Wyatt") in Rhode Island in connection with his federal prosecution for conspiracy to commit passport fraud, passport fraud and making false statements to immigration authorities.[1]  Pending for decision is the plaintiff's pro se motion to amend the complaint.  The proposed amended complaint names six defendants:  John Doe 1, Agent U.S. Marshal Service; John Doe 2, Bureau of Prisons Agent; John Doe 3, Inmate System Management Coordinator at Wyatt; John Doe 4, Federal Probation Officer; Assistant U.S. Attorney Geoffrey M. Stone; and

_____

[1]  Wyatt houses detainees in the legal custody of the U.S. Marshal.

ICE Special Agent Grace Ann Wisniewski.[2]  For reasons that follow, the motion to amend is granted in part and denied in part and the amended complaint will be dismissed for failure to state a claim on which relief may be granted.

I.  Background

Plaintiff's original complaint in this case was construed as a Bivens action[3] claiming prolonged incarceration in violation of the Eighth Amendment.  The complaint was dismissed sua sponte because it did not allege facts showing a deprivation of constitutional magnitude or deliberate indifference on the part of any of the named defendants, the two elements required to support an eighth amendment claim.  See Sample v. Dicks, 885 F.2d 1099, 1110 (3d Cir. 1989); Zandstra v. Cross, 10 CIV. 5143 DLC, 2012 WL 383854, at *4 (S.D.N.Y. Feb. 6, 2012), appeal dismissed (Apr. 17, 2012).

The Court of Appeals vacated the judgment dismissing the action and remanded for consideration of whether the complaint alleged a violation of procedural or substantive due process or whether the plaintiff should be allowed to amend the complaint to identify the legal bases for his claims, articulate factual

---

[2]  Unlike the original complaint, the amended complaint does not name as defendants the Director of the U.S. Marshal's Service or the Warden at Wyatt.  Any claims against those defendants are therefore deemed withdrawn.

[3]  Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

allegations to develop the claims, or add more defendants.

Following the remand, the plaintiff was given an opportunity to file an amended complaint alleging facts to support claims under the Eighth Amendment and the Due Process Clause of the Fifth Amendment.  He was directed to allege facts showing how any defendant named in the amended complaint was responsible for the alleged deprivation of his constitutional rights.  He was notified that failure to allege such facts as to a named defendant would result in dismissal of the amended complaint as to that defendant.

In response to the Court's order, the plaintiff has filed a motion to amend along with an amended complaint.  In essence, the proposed amended complaint alleges that after the expiration of the plaintiff's federal sentence, there was a delay in transferring him from Wyatt to the physical custody of ICE, and that the conditions of the plaintiff's confinement at Wyatt were "much more stringent" than the conditions he subsequently encountered at an ICE detention facility in Massachusetts.  The amended complaint alleges that the defendants knew or should have known that the plaintiff was being held at Wyatt beyond the time called for by his federal sentence and "failed to rectify the situation."  In addition, the amended complaint makes new allegations concerning other alleged wrongs, including allegations that the plaintiff has been the victim of "racial

3

profiling" and "targeting" by law enforcement officials since
2002.

II.  Discussion

  A.  Motion to Amend

     Plaintiff seeks leave to file the proposed amended complaint
citing Fed. R. Civ. P. 15.  To the extent the motion seeks leave
to add new defendants and allegations pertaining to the delay in
transferring the plaintiff from Wyatt to the physical custody of
ICE, the motion is granted in accordance with the prior orders of
the Court of Appeals and this Court.  However, to the extent the
motion seeks leave to allege other wrongs, the motion is denied.
The new allegations concerning other wrongs are conclusory in
nature and fall far short of pleading a cause of action against
any of the defendants named in the amended complaint.

     Accordingly, the motion to amend is granted in part and
denied in part.  As a result of this ruling, the operative
pleading is the amended complaint, the defendants are the
individuals listed in the caption of the amended complaint, and
the scope of the amended complaint is limited to a Bivens action
seeking damages for prolonged incarceration in violation of the
Eighth Amendment and the Due Process Clause of the Fifth
Amendment.

  B.  Analysis

     Congress has directed that when a person is proceeding in

4

forma pauperis, as the plaintiff is here, "the court shall
dismiss the case at any time if the court determines that . . .
the action . . . fails to state a claim on which relief may be
granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Insofar as the amended
complaint attempts to plead claims for damages under the Eighth
Amendment and the Due Process Clause of the Fifth Amendment based
on the alleged delay in transferring the plaintiff from Wyatt to
the physical custody to ICE, the Court concludes that the amended
complaint must be dismissed for failure to state a claim on which
relief may be granted.

     The test of the legal sufficiency of a complaint is whether
it pleads "enough facts to state a claim to relief that is
plausible on its face."  Bell Atlantic v. Twombly, 550 U.S. 544,
570 (2007).  A claim is plausible on its face "when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009).  Applying this standard is a "context-specific task that
requires the court to draw on its judicial experience and common
sense."  Id. at 679.  Because the plaintiff is proceeding pro se,
his pleadings must be construed liberally to present the
strongest arguments they suggest.  For reasons that follow, the
amended complaint does not allege a plausible claim as to any of
the named defendants.

1. <u>Facts</u>

The following facts are drawn from the plaintiff's submissions and public records.  On February 16, 2005, the plaintiff was arrested on state charges and held at the Hartford Correctional Center ("HCC").  On June 1, 2005, while still in state custody, he was arrested on federal charges.  The amended complaint alleges that the lodging of a federal detainer at HCC resulted in the plaintiff's transfer to "much more stringent" conditions of confinement at HCC and prevented him from being released on bond pending trial in state court.[4]

On May 22, 2006, the plaintiff was sentenced in state court for forgery and larceny to concurrent terms of five years' imprisonment, suspended after time served, followed by three years' probation.  On September 25, 2006, he was discharged from state custody to federal pretrial custody.  The U.S. Marshal became his legal custodian on that date, but he remained in the physical custody of the State of Connecticut Department of Correction until December 9, 2008, at which time he was transferred to Wyatt pending trial in federal court.

---

[4]  To the extent the amended complaint can be construed as attempting to seek damages under <u>Bivens</u> for deprivation of liberty caused by the lodging of the federal detainer at HCC, any such claim lacks an arguable basis in fact or law.  The lodging of the detainer was undoubtedly proper and there is no possibility that the problems the plaintiff allegedly experienced as a result of the detainer can be attributed to wrongdoing on the part of the persons named as defendants in the amended complaint.

On October 22, 2009, the plaintiff was convicted of the federal charges after a jury trial in which he chose to proceed pro se.[5]  On January 15, 2010, he was sentenced to a term of imprisonment of 41 months.  Judgment entered on January 20. Approximately one week later, the plaintiff received a letter from Bureau of Prisons Agent John Doe 2 stating that he had been held in federal custody for several months longer than his sentence.  A copy of the letter was sent to John Doe 1, Agent U.S. Marshal Service, and John Doe 3, Wyatt Inmate System Management Coordinator.

On February 18, 2010, the plaintiff was transferred from Wyatt to an ICE detention facility in Boston.  The amended complaint alleges that the conditions of the plaintiff's confinement at Wyatt were "much more stringent" than the conditions at the ICE facility.  The amended complaint further alleges that the named defendants knew he was a victim of "manifest injustice," and that the longer they delayed his release to ICE custody, "the more pains, agony and injustice, they . . . inflict[ed] on him . . . ."  Am. Cmpl. at 20.

2.  <u>Eighth Amendment</u>

To state a claim for prolonged incarceration in violation of

---

[5]  The trial was delayed by changes of defense counsel, lengthy proceedings relating to the plaintiff's competency to be tried, the plaintiff's decision to proceed pro se, and subsequent proceedings relating to his competency to represent himself at the jury trial.

the Eighth Amendment, a plaintiff must allege that he was confined for a significant period of time beyond the date he was entitled to be released and that the excessive period of confinement was caused by the deliberate indifference of the defendant.  See Sample, 885 F.2d at 1110; Zandstra, 2012 WL 383854, at *4.  The amended complaint does not plead facts supporting either element as to any named defendant.

For purposes of the plaintiff's claim, the relevant period of confinement began no earlier than January 15, 2010, when the 41-month sentence was imposed in the federal criminal case,[6] and ended no later than February 18, 2010, when the plaintiff was transferred to ICE's physical custody.  Under existing case law, depriving an inmate of physical liberty for this length of time after the completion of a prison sentence does not impose a harm of sufficient magnitude to violate the inmate's rights under the Eighth Amendment.  See Zandstra, 2012 WL 383854, *4 (twenty-one days not a "harm of significant magnitude to implicate the Eight[h] Amendment"); Herron v. Lew Sterrett Justice Ctr., 3:07-CV-0357-N, 2007 WL 2241688, at *3 (N.D. Tex. Aug. 6, 2007) (thirty-one days insufficient to rise to the level of an eighth amendment violation) (citing Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993) ("[T]he

---

[6]  Prior to the federal sentencing hearing, none of the defendants could know what the federal sentence would be.

five-day extension of Calhoun's release date did not inflict 'a harm of a magnitude' that violates a person's eighth amendment rights.")).

In this case, there is no allegation that the plaintiff was entitled to be restored to freedom at the end of his sentence. Indeed, this case does not involve a sentenced prisoner's right to be released after serving a term of imprisonment in a Bureau of Prisons facility.[7]  The concern here is limited to the alleged delay of one month in transferring the plaintiff from one detention facility to another.  Plaintiff's conclusory allegation that the conditions of his confinement at Wyatt were "far more stringent" than the conditions of his confinement at the ICE facility is insufficient to state a claim.  See Iqbal, 556 U.S. at 678.  And while the amended complaint alleges that "civil detainees" have more freedom in detention facilities than "criminal detainees," it is implausible that the conditions of the plaintiff's confinement at Wyatt were so different from the conditions he would have experienced at the ICE facility that the alleged delay in transferring him violated the Eighth Amendment.

In addition to failing to plausibly allege harm of sufficient magnitude to implicate the Eighth Amendment, the amended complaint also fails to allege facts showing deliberate

---

[7]  Because Mr. Akande's pre-sentence confinement in the custody of the U.S. Marshal exceeded his 41-month sentence, he never entered BOP custody.

indifference on the part of any of the named defendants.  To adequately plead this element of an eighth amendment claim, a plaintiff must allege facts showing that the defendant knew unwarranted punishment was being inflicted on the plaintiff and failed to take corrective action in circumstances indicating deliberate indifference to the plaintiff's plight.  See Sample, 885 F.2d at 1110.

The plaintiff alleges that the defendants knew or were in a position to know that he was being detained at Wyatt beyond the time authorized by his federal sentence.  Accepting this allegation as true, it does not follow that any of the named defendants knew his continued detention at Wyatt was causing him harm and violated his rights by failing to take corrective action.  Indeed, while the plaintiff now alleges that he was injured by the delay in transferring him to ICE's physical custody, there is no allegation that he complained to anyone at the time, or requested assistance, such that a failure to act on the part of the named defendants could reasonably be viewed as reflecting deliberate indifference to a violation of his rights.

3. Due Process

Under the Due Process Clause, an inmate has a liberty interest in being released from confinement on the expiration of his maximum term of imprisonment.  Calhoun, 999 F.2d at 653; see also Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980)

("Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.").  In this case, however, the plaintiff was not entitled to be released from confinement.  Instead, he seeks redress for a delay of one month in transferring him from one detention facility to another.

Even assuming the delay in transferring the plaintiff to ICE's physical custody could be found to implicate a protected liberty interest, the amended complaint does not allege facts supporting a reasonable conclusion that any of the named defendants intentionally caused the delay, as required to support a due process claim.  The Due Process Clause was designed to prevent "abusive government conduct." Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).  It "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).  In the absence of allegations supporting a reasonable conclusion that a named defendant intentionally delayed the plaintiff's transfer to ICE's physical custody, the amended complaint fails to state a claim on which relief may be granted under the Due Process Clause.[8]

---

[8]  The amended complaint does not indicate whether it alleges a violation of procedural or substantive due process. Because the deficiencies discussed in the text are dispositive with regard to either type of due process claim, it is unnecessary to consider which type of claim could conceivably be presented.

III.  Conclusion

For the foregoing reasons, the motion to amend is hereby granted in part and denied in part, and the amended complaint is dismissed for failure to state a claim on which relief may be granted.

It is necessary to consider whether the plaintiff should be given leave to file a second amended complaint.  The plaintiff was previously notified that unless he pleaded facts showing that a named defendant deprived him of a constitutional right, the action would be dismissed as to that defendant.  He has not made the required showing as to any of the named defendants.

Accordingly, the Clerk will enter judgment in favor of the defendants named in the amended complaint dismissing the action with prejudice.

So ordered this 23rd day of October 2013.


                              /s/
                         Robert N. Chatigny
                    United States District Judge